**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JORGE A. TORRES JR. on behalf of L.V.T.R. and S.R.N.T.R.,<br><br>Petitioner,<br><br>v.<br><br>CYNTHIA RAMIREZ, Case Worker, and MONROE COUNTY CHILDREN AND YOUTH SERVICES,<br><br>Respondents. | CIVIL ACTION NO. 3:14-CV-01064<br><br>(MANNION, D.J.)<br>(MEHALCHICK, M.J.) |

## ORDER

On June 3, 2014, Petitioner Jorge A. Torres Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition was filed on behalf of his minor children, L.V.T.R. and S.R.N.T.R., whom he alleges are being illegally detained in the custody of the Respondents, Monroe County Children and Youth Services ("Monroe CYS"), and Cynthia Ramirez, a case worker at Monroe CYS. The petition alleges that the Respondents illegally entered his residence and removed his minor children from the home, placing them in Monroe CYS custody, on June 2, 2014, all without an appropriate court order.

On June 9, 2014, the Court entered an Order directing the Respondents to file a response to the petition on or before June 30, 2014. (Doc. 2). That Order was served on both the Attorney General of the Commonwealth of Pennsylvania and the District Attorney for Monroe County. (*See* Doc. 2). On June 26, 2014, the Office of the Attorney General requested that the Office of the District Attorney respond, because it was presumably "the best source for personal knowledge of the prosecution and the status of any appeals or collateral attacks concerning this

prosecution." (Doc. 3). The District Attorney has failed to file a response to the petition as ordered.

On July 10, 2014, the Petitioner filed a motion seeking an order holding the Respondents in contempt for their failure to respond to the petition as ordered. (Doc. 4). A non-attorney parent is not permitted to represent his or her minor children in place of an attorney in federal habeas litigation. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Carnter v. Davis*, 988 F. Supp. 2d 33, 37 (D.D.C. 2013). The Petitioner himself lacks standing to bring the instant motion, and thus it must be denied. If this case should indeed proceed, counsel necessarily will be appointed to represent the minor children, and that counsel may seek whatever sanctions he or she might find appropriate. *See generally* 18 U.S.C. § 3006A(2)(b); *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991). Thus, the motion will be denied without prejudice. Moreover, the Court notes that sanctions may be imposed by the Court *sua sponte*, if warranted.

Accordingly, **IT IS HEREBY ORDERED THAT** the Petitioner's motion for contempt (Doc. 4) is **DENIED without prejudice**.

BY THE COURT:

Dated: August 12, 2014

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**