# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE A. TORRES JR. on behalf of L.V.T.R. and S.R.N.T.R., | |
| Petitioner, | CIVIL ACTION NO. 3:14-CV-01064 |
| v. | (MANNION, D.J.) |
| CYNTHIA RAMIREZ, Case Worker, and MONROE COUNTY CHILDREN AND YOUTH SERVICES, | (MEHALCHICK, M.J.) |
| Respondents. | |

## ORDER

On June 3, 2014, Petitioner Jorge A. Torres Jr. filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The petition was filed on behalf of his minor children, L.V.T.R. and S.R.N.T.R., whom he alleges are being illegally detained in the custody of the Respondents, Monroe County Children and Youth Services ("Monroe CYS"), and Cynthia Ramirez, a case worker at Monroe CYS. The petition alleges that the Respondents illegally entered his residence and removed his minor children from the home, placing them in Monroe CYS custody, on June 2, 2014, all without an appropriate court order. The present location and status of his children was allegedly unknown to the Petitioner at the time of filing.

On June 9, 2014, the Court entered an Order directing the Respondents to file a response to the petition on or before June 30, 2014. (Doc. 2). That Order was served on both the Attorney General of the Commonwealth of Pennsylvania and the District Attorney for Monroe County. (*See* Doc. 2). On June 26, 2014, the Office of the Attorney General requested that the District Attorney for Monroe County respond because his office was "the best source for personal knowledge of the prosecution and the status of any appeals or collateral attacks

concerning this prosecution." (Doc. 3). Now, more than six weeks after the court-ordered deadline has come and gone, no response to the petition has been filed.

This case presents a particularly acute concern — the allegedly illegal detention of minor children. At this point, however, the only facts before the Court are those alleged by the Petitioner, who admits that he does not know the location or status of his children, facts which are clearly determinative of habeas jurisdiction. *See generally Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502 (1982) (finding no federal habeas jurisdiction where children are in the custody of foster or adoptive parents, but expressly disclaiming any view on the availability of federal habeas when a child is confined in a state institution). Moreover, as noted in the previous Order, the *pro se* Petitioner is not permitted to represent his minor children in place of an attorney in this federal habeas corpus litigation. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991); *Carnter v. Davis*, 988 F. Supp. 2d 33, 37 (D.D.C. 2013). But if the petition indeed states a cognizable federal habeas claim, it may be appropriate to appoint counsel to represent the minor children, L.V.T.R. and S.R.N.T.R, in this matter. *See generally* 18 U.S.C. § 3006A(2)(b); *Reese v. Fulcomer*, 946 F.2d 247, 263–64 (3d Cir. 1991). Thus, both the Respondents and the Petitioner have been invited to comment on this issue.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Clerk shall serve a copy of this Order on the Respondents, on the Attorney General of the Commonwealth of Pennsylvania, and on the District Attorney for Monroe County.

2. On or before **September 2, 2014**, the Respondents shall file an answer, motion, or other response to the allegations of the petition, as amended. *See* Rule 5, 28 U.S.C. foll. § 2254. In particular, and at a minimum, the Respondents shall address the current custodial status of the children and whether their removal from the Petitioner's home was undertaken pursuant to a court order. The Respondents are also invited to comment on whether the appointment of counsel in this matter is appropriate.

3. The Respondents and the District Attorney are further **ADMONISHED** that, if an answer, motion, or other response to the allegations of the petition is not timely filed as directed by this Order, the imposition of sanctions may be considered, including but not limited to certification of civil or criminal contempt proceedings. *See generally* 28 U.S.C. § 636(e)(6) (certification of contempt proceedings); *Carter v. City of Philadelphia*, 181 F.3d 339 (3d Cir. 1999) (district attorney not entitled to Eleventh Amendment immunity).

4. The Petitioner shall, if he so desires, file a reply to the Respondents' answer or other pleading within **fourteen (14) days** after its service. *See* Rule 5(e), 28 U.S.C. foll. § 2254. The Petitioner is also invited to comment on whether the appointment of counsel in this matter is appropriate.

5. A determination as to whether or not the Petitioner's children shall be produced for a hearing will be held in abeyance pending the filing of the Respondents' answer or other pleading.

**BY THE COURT:**

**Dated: August 12, 2014**                         *s/ Karoline Mehalchick*
                                                                            **KAROLINE MEHALCHICK**
                                                                            **United States Magistrate Judge**