**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JORGE A. TORRES,** | : |
| Petitioner | : |
| | :  **CIVIL ACTION NO. 3:14-1064** |
| v. | : |
| | :  **(Mannion, D.J.)** |
| **CYNTHIA RAMIREZ**, *et al*. | :  **(Mehalchick, M.J.)** |
| Respondents | : |

## MEMORANDUM

Plaintiff Jorge Torres filed this petition for habeas corpus pursuant to 28 U.S.C. §2241 on June 3, 2014, on behalf of two of his minor children. (Doc. 1). Plaintiff's petition alleges that the Monroe County Children and Youth Services ("CYS") removed petitioner's children from his home on June 2 without a court order. He sought the immediate release of the children to his custody. CYS responded to the petition indicating that a hearing was held on June 5, 2014, after which time petitioner's children were returned to him, and that petitioner thereafter left Pennsylvania with his children and has not been in contact with CYS since that time. (Doc. 10). Petitioner then filed an "Expedited Motion" asking that the petition not be dismissed and that the court award him declaratory and injunctive relief. (Doc. 11). Before the court is the report and recommendation of Judge Mehalchick dismissing the petition and the motion as moot. No objections to the report have been filed. For the following reasons, the report is **ADOPTED IN ITS ENTIRETY**.

**I.    STANDARD OF REVIEW**

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp. 2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**II.   DISCUSSION**

The court agrees with Judge Mehalchick's determination that the

2

petition is moot, and that therefore she did not need to reach the issue of whether there is habeas jurisdiction in this case. Petitioner's original requested relief has been obtained - his children have been returned to his custody. Further, there is no reasonable expectation that the respondent will be subject to a repetition of his children being taking from his custody by respondents, as he has moved to Florida. See Spencer v. Kemna, 523 U.S. 1, 17 (1998). Thus, plaintiff cannot establish that there is a "real and immediate threat that he would again be [the victim of the allegedly unconstitutional practice,]" as he must in order to have standing to seek prospective relief. Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987). As petitioner has not shown that respondents may violate his rights again, and as his children have already been returned to him, his petition and motion are **DISMISSED AS MOOT**.

### III. CONCLUSION

The report of Judge Mehalchick, (Doc. 15), is **ADOPTED IN ITS ENTIRETY**. The petition, (Doc. 1), and motion, (Doc. 11), are **DISMISSED AS MOOT**. The Clerk is directed to close the case. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 6, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1064-01.wpd